UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN LATTERAL ROYAL,<br><br>                                   Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,[1] Warden,<br><br>                                   Respondent. | Case No.:  3:21-cv-00834-WQH-WVG<br><br>**(1) ORDER DISMISSING CASE WITHOUT PREJUDICE; and**<br><br>**(2) NOTICE OF OPTIONS DUE TO FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

/ / /

---

[1] Petitioner named "Warden" as Respondent and indicates he is incarcerated at Centinela State Prison, located in Imperial, CA. The Warden of Centinela State Prison is Raymond Madden. *See* https://www.cdcr.ca.gov/facility-locator/cen/ (last visited May 7, 2021). There Court hereby sua sponte substitutes "Raymond Madden" for "Warden" as Respondent.

## FAILURE TO ALLEGE EXHAUSTION
## AS TO ALL CLAIMS IN THE PETITION

In addition, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Petitioner indicates he presently has a habeas corpus petition pending in the California Supreme Court in which he is raising seven claims. *See* Pet., ECF No. 1 at 12. Petitioner has therefore filed a "mixed" petition, that is, one which presents both exhausted and unexhausted claims. In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a mixed petition is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id*. at 514-20.

///
///
///

Having preliminarily determined the Petition contains unexhausted and exhausted claims, the Court notifies Petition or his options.

### i) First Option: Allege Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are unexhausted. If Petitioner chooses this option, his papers are due **no later than June 28, 2021**. Respondent may file a reply by **July 28, 2021**.

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may voluntarily dismiss his entire federal petition while he exhausts his unexhausted claims. He may thereafter file a new federal petition in this Court containing only exhausted claims. *See Rose*, 455 U.S. at 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this option, he must file a pleading with this Court **no later than June 28, 2021**. Respondent may file a reply by **July 28, 2021**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] The statute of limitations does not run while a properly filed state habeas corpus

---

[2] 28 U.S.C. § 2244 (d) provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this option, he must file a pleading with this Court **no later than June 28, 2021**. Respondent may file a reply by **July 28, 2021**.

Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

---

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he exhausts his unexhausted claims in state court. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he exhaust his claims in state court. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

If Petitioner choses this fourth option, he must file a pleading with this Court **no later than June 28, 2021**. Respondent may file a reply by **July 28, 2021**.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** this case without prejudice. If petitioner wishes to proceed with this case, he must, **no later than June 28, 2021**: (1) pay the $5.00 filing fee OR submit adequate proof of his inability to pay the fee; AND (2) choose one of the options outlined above. Petitioner is cautioned that if he fails to respond to this Order, the Petition will remain dismissed without prejudice. *See Rose*, 455 U.S. at 522.

The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 13, 2021

Hon. William Q. Hayes
United States District Court